TRINA HIGGINS, United States Attorney (#7349)
CARL HOLLAN, Special Assistant United States Attorney (#15164)
CAROL A. DAIN, Assistant United States Attorney (#10065)
Attorneys for the United States of America
Office of the United States Attorney
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111-2176
Telephone:  (801)524-5682

_____

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF UTAH**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ADAM RICHARD JACOBS,<br><br>Defendant. | **UNITED STATES' POSITION REGARDING DETENTION**<br><br><br><br>Case No. 2:23-MJ-00299 DBP |

☐     The United States is not seeking detention.

☒     The United States moves for detention based on current information.  The United States' positions in this preliminary pleading could change after reviewing the Pretrial Report or learning of additional evidence.  The United States reserves the right to assert positions even if the boxes next to those positions are not checked below, raise additional arguments, and file additional pleadings in support of detention.  The United States' motion for detention is:

☒  Pursuant to 18 U.S.C. § 3142(f)(1) because defendant is charged with:

    ☒  **(A)** a crime of violence (*see* 18 U.S.C. § 3156(a)(4)), a violation of 18 U.S.C. § 1591 (sex trafficking of children), or an offense under § 2332b(g)(5)(B) (specific enumerated crimes) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**

    ☒  **(B)** an offense for which the maximum sentence is life imprisonment or death; **or**

☐ **(C)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or**

☐ **(D)** any felony if the defendant has been convicted of two or more offenses described in (a) through (c) above, or two or more State or local offenses that would have been offenses described in (a) through (c) above if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; **or**

☒ **(E)** any felony that is not otherwise a crime of violence but involves: **(i)** a minor victim; **(ii)** the possession or use of a firearm or destructive device (as defined in 18 U.S.C. § 921); **(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250;

**OR**

☒ Pursuant to 18 U.S.C. § 3142(f)(2) because the case involves:

☒ **(A)** a serious risk the defendant will flee; **or**

☒ **(B)** a serious risk the defendant will obstruct or attempt to obstruct justice, or threaten, injure, intimidate, attempt to threaten, injure or intimidate a prospective witness or juror.

### Procedure

The defendant may seek a continuance of the detention hearing of up to five days, and the United States may seek a continuance of up to three days. 18 U.S.C. § 3142(f). During any such continuance, the defendant shall be detained. *Id*. The rules concerning the admissibility of evidence do not apply at the detention hearing. *Id*. The United States has the burden of persuasion by clear and convincing evidence that no condition or combination of conditions of release will reasonably the safety of any other person and the community or by a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required. *Id*.; *United States v. Cisneros*, 328 F.3d 610, 616 (10th Cir. 2003).

### Rebuttable Presumption

☒ A rebuttable presumption applies and the defendant bears the burden to produce some credible evidence to rebut this presumption. The United States acknowledges that it

retains the burden of persuasion.  The statutory presumption applies:

☐ Pursuant to 18 U.S.C. § 3142(e)(2) *(previous violator)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because:

**(A)** the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C. § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to Federal jurisdiction had existed; *and*

**(B)** the defendant committed that offense while on release pending trial for a Federal, State, or local offense; *and*

**(C)** a period of not more than five years has elapsed since the date of conviction, or the release of the defendant from imprisonment, for that, whichever is later.

☒ Pursuant to 18 U.S.C. § 3142(e)(3) *(narcotics, firearm, other offenses)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

☐ **(A)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);

☐ **(B)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;

☐ **(C)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 or more is prescribed;

☐ **(D)** an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**

☒ **(E)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

**Factors to Be Considered**

The United States may present arguments, proffer evidence, or provide testimony at the scheduled detention hearing supporting the detention of the defendant including, but not limited to:

☒  The nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm or destructive device.  (18 U.S.C. § 3142(g)(1)).

The Defendant is a coach and co-owner of a gymnastics gym in Woods Cross, Utah, which offers gymnastics coaching services mainly to children and minors. The law recognizes that those who occupy these positions of trust in the community pose greater danger to the community, and thus warrant heightened sanctions. *See e.g.* U.S.S.G. §2G2.1(b)(5).

The Government has alleged that the Defendant violated this trust and that his violations were enabled by this trust placed in him by the parents of the children he coached. Upon discovery of a hidden camera in the restroom of the gym where he coached and which he co-owned, law enforcement began investigation into the Defendant. This investigation is ongoing due to the sheer breadth and depth of abuse perpetrated by the Defendant.

To date, investigators have searched only some of the electronic devices possessed by the Defendant. They believe they have discovered over 10,000 video files. While undoubtably many of these files do not depict child sex abuse material, a significant number of the video files appear to depict the sexual exploitation of children. A review of just a fraction of the videos on one of the devices, investigators believe that they have identified over 70 separate victims. These videos depict children partially or completely nude. Some videos depict children using the bathroom, others depict children changing. Some videos depict older children – teenagers with whom the Defendant had direct contact as a coach – and others depict younger children who are clearly prepubescent.

Preliminary investigation also suggests that when the Defendant travelled with children to other states for gymnastics meets he would bring this secret camera with him. It appears would place the camera in the hotel bedrooms and bathrooms and capture these children using the restroom, changing in their bedroom, and showering.

Preliminary investigation suggests that the Defendant would not only capture these videos, but that the Defendant would select certain videos to save to his devices.

The Government's charges at the current time reflect only a small fraction of the sexual exploitation of the children entrusted to the Defendant's care.

☒  The weight of evidence against the defendant.  (18 U.S.C. § 3142(g)(2)).

A third party discovered a hidden camera which had captured many children in a state of full or partial nudity. Also discovered on the memory card were videos of the Defendant placing and adjusting the camera. Other similar hidden cameras were discovered in the Defendant's belongings. The box for the hidden camera was discovered in the Defendant's home. Similar surreptitious videos of nude or partially nude children

were discovered on the Defendant's personal electronic devices.

One such video depicts a child in a bathroom that is not located at the gymnastics gym, nor at the Defendant's residence. Other data strongly suggests that the video was recorded in another state. Digital evidence on the Defendant's phone suggests that the Defendant was in this other state at the time the video was believed to have been captured. Publicly available records confirm that the child was present in this other state and competing in a gymnastics competition at the time the video was captured.

The weight of the evidence shows that the Defendant travelled to another state with this minor, brought the Defendant's secret camera for the purpose of secretly recording the minor for the Defendant's sexual pleasure. The Defendant actually did record such a video, which depicts a lascivious display of the child's genitals, and the Defendant did save and retain a copy of that video.

☒ The history and characteristics of the defendant including the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history and record concerning court proceedings. (18 U.S.C. § 3142(g)(3)(A)).

The Defendant is unmarried and has no children. Defendant was a gymnastics coach and co-owner of a gymnastics gym; however, publicly available information suggests that USA Gymnastics, the national governing body for gymnastics in the United States, has suspended the Defendant from any contact with the sport pending the resolution of this case. Thus, he maintains minimal ties to the community.

The Defendant also is believed to have access to significant financial resources, including equity in a home, which would facilitate his flight from the jurisdiction of the Court.

The Defendant's ties to the community and position within the community weigh against release because the Defendant exploited those ties and his position within the community to gain access to children and exploited that access to children to sexually exploit the children in the community.

☐ Whether, at time of the current offense or arrest, the defendant was on probation, parole, or other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law. (18 U.S.C. § 3142(g)(3)(B)).

☒ The nature and seriousness of danger to any person or to the community that would be posed by the defendant's release. (18 U.S.C. § 3142(g)(4)).

The Defendant is accused of sexually exploiting many children entrusted to his care over a long period of time without being discovered by parents or other coaches. The Defendant has caused serious harm to children and to the families of the children in the gymnastics community. The extent of this harm is still only being discovered. It is

currently unknown how long the Defendant was able to carry out these crimes, how many children he victimized, the extent of that victimization, and the extent of the harm that causes in the lives of the children he has harmed.

The extent of the harm that a person like the Defendant can cause in the life of a child cannot be understated. The propensity of the Defendant to so harm children has been demonstrated by the Defendant's pattern of prior conduct.

The ability of any pretrial agency to effectively monitor a Defendant who uses electronic devices and the internet to sexually exploit children is severely limited. While the Court may order a Defendant have no access to the internet and permit monitoring of known electronic devices, no Court order can prevent a Defendant from obtaining new, unknown electronic devices at any Wal-Mart and accessing the internet, which is readily and freely available at any number of places.

A Defendant accused of using electronic devices to facilitate his crimes also poses a substantial risk of using remote access to cloud accounts to delete critical evidence. Because the Government cannot be aware of all repositories of critical evidence at this early juncture, the Government cannot prevent a Defendant from so obstructing future investigation – nor can the Government often effectively prove obstruction in these cases.

☐ The defendant's lack of legal status in the United States. The defendant's legal status is:
☐ How the defendant would be subject to removal or deportation after serving a period of incarceration.
☐ The defendant's significant family or other ties outside of the United States.
☐ The defendant's use of aliases or false documents.
☐ The defendant's prior attempts to evade law enforcement.
☐ How the defendant's proposed residence, employment, or proposed treatment programs have not been verified.
☐ The defendant's prior failures to appear for court proceedings.
☒ Other reasons including:

The extent of harm caused by the Defendant to the community is currently, quite literally, incalculable. The Defendant has remorselessly abused the trust of the community and parents of these children to sexually exploit these children. It appears this pattern of sexual exploitation continued undiscovered for some time. The Defendant only ceased his actions because he was caught in the act.

The Court should consider all of these circumstances and the interests of the community in protecting the children of the community from abuse in determining that the Defendant should be held pending the resolution of this case.

Further, law enforcement have engaged in monitoring the Defendant's communications while in jail. In one such communication, the Defendant expresses to a

third party that he is struggling with thoughts of suicide. For the Defendant's own protection, and to secure the interest of the Government in obtaining justice through this prosecution, the Court should order the Defendant held pending the resolution of this case.

## Victim Notification

☐ The United States has notified any identified victim, or attempted to do so, pursuant to 18 U.S.C. § 3771.

    The position of the victim(s) on the detention of the defendant is:

    ☐ The victim(s) in this matter seek(s) a no contact order.

☐ This matter does not involve a victim requiring notification.

The Government is still seeking to identify all of the victims in this case. Current estimates are that more than 70 individual victims may exist. Until a more thorough review of the evidence can be completed, the Government cannot now identify all victims.

The Government will make efforts to notify victims of their rights as these victims are identified.

DATED this 5th day of April, 2023.

/s/Carl Hollan
CARL HOLLAN
Special Assistant United States Attorney